UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

TERRELL L. BRAXTON, )
)
    Petitioner, )
)
v. ) Case No. CV405-101
)
CHATHAM COUNTY DETENTION )
CENTER, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

The instant 28 U.S.C. § 2254 petition was filed on June 27, 2005, after being executed by petitioner on June 16, 2005. Doc. 1. Because it appears from the face of her petition that petitioner has failed to exhaust available state remedies, the Court recommends that the petition be DISMISSED without prejudice for failure to exhaust.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Federal habeas relief is

available to state prisoners only after they have exhausted their claims in state court."). A state prisoner is required to allow the state court an opportunity to correct a constitutional error before a federal court may consider the case. Id. at 843.

Here, petitioner pleaded guilty in the Superior Court of Chatham County on June 6, 2005. She did not appeal the conviction and did not file a state petition for writ of habeas corpus. The instant § 2254 petition was signed and dated by petitioner only ten days after entry of her guilty plea.

Petitioner therefore has deprived the state courts of a fair opportunity to address her claims before bringing her petition to this Court. Accordingly, the Court recommends that the instant petition be DISMISSED without prejudice for failure to exhaust state remedies, so that petitioner may pursue the appropriate remedies in state court.[1]

SO REPORTED AND RECOMMENDED this 30th day of June, 2005.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court advises petitioner that the filing of this premature federal habeas petition does not serve to toll the one-year statute of limitations for filing § 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Only "a properly filed application for State post-conviction or other collateral review" will toll the statute. 28 U.S.C. § 2244(d)(2).

```
MIME-Version:1.0
From:efile_information@gas.uscourts.gov
To:Courtmail@gasdei.gasd.circ11.dcn
Bcc:efile_grs@gas.uscourts.gov,efile_wtm@gas.uscourts.gov
Message-Id:<378281@gas.uscourts.gov>
Subject:Activity in Case 4:05-cv-00101-WTM-GRS Braxton v. Chatham County Detention C
```

Content-Type: text/html

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* **You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. District Court

## Southern District of Georgia

Notice of Electronic Filing

The following transaction was received from wwp entered on 7/1/2005 at 9:35 AM EDT and filed on 6/30/2005
**Case Name:** Braxton v. Chatham County Detention Center
**Case Number:** 4:05-cv-101
**Filer:**
**Document Number:** 2

**Docket Text:**
REPORT AND RECOMMENDATIONS re [1] Petition for Writ of Habeas Corpus filed by Terrell L. Braxton. The Court recommends that the petition be dismissed without prejudice for failure to exhaust available state remedies. Objections to R&R due by 7/18/2005. Signed by Judge G. R. Smith on 6/30/05. (wwp)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1090526433 [Date=7/1/2005] [FileNumber=378279-0]
[9b842d9378ca44bdfaa8d538d025c79264f3a3fe0c4aea681ee6400b5ab357100e4fe
1c66404fba038e1cd0e30d406af3c67b5eba8381b46c3a3487fa2f1620b]]

**4:05-cv-101 Notice will be electronically mailed to:**

**4:05-cv-101 Notice will be delivered by other means to:**

Terrell L. Braxton
2005031128
Chatham County Detention Center
1074 Carl Griffin Drive
Savannah, GA 31405